UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LYNDA ALICE RAMBO**,                                    Civil Case No. 3:12-1274-KI

               Plaintiff,                              OPINION AND ORDER

    v.

**GOVERNOR RICK PERRY, LT.**
**GOVERNOR DAVID DEWHURST,**
**TEXAS DEPT. OF PUBLIC SAFETY**,

               Defendants.

KING, Judge:

      Lynda Alice Rambo has filed pro se an Application to Proceed In Forma Pauperis [1], a

Complaint, and an Amended Complaint against the Texas Department of Public Safety,

Governor Rick Perry, and Lieutenant Governor David Dewhurst arising out of the expiration of

Page 1 - OPINION AND ORDER

her temporary Texas driver's license.  For the following reasons, I grant the Application to

Proceed In Forma Pauperis, but I dismiss the action without prejudice.

## BACKGROUND

Rambo alleges, in pertinent part, that the Texas Department of Public Safety issued her a

temporary driver's license on June 4, 2012, which was valid until July 19, 2012.  Two days later,

on June 6, Rambo left Texas for the summer intending to return by the fall.  She gave up her

apartment and, "[a]s a result, my plastic license was returned to the state."  Am. Compl. 3.  She

emailed Lieutenant Governor Dewhurst and the Texas Department of Public Safety from outside

of Texas about extending her temporary driver's license, but neither responded to her.  She

claims that Texas interfered with her fundamental right to freely travel "by not giving me an

updated temporary permit (license)."  Am. Compl. 4.  She seeks an order directing Texas to

establish a toll-free number to call about the status of a license, she seeks to have her temporary

permit extended, and she wants a written letter of apology from each of the defendants.

## LEGAL STANDARDS

Where a plaintiff is granted leave to proceed in forma pauperis, the court "shall dismiss

the case at any time" if the court determines that the action is frivolous, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  28 U.S.C. § 1915(e)(2).  This provision applies to all actions filed in forma pauperis,

regardless of whether the plaintiff is incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th

Cir. 2000) (en banc).

Pro se complaints are held to a less strict standard than those drafted by a lawyer.  Bonner

v. Lewis, 857 F.2d 559, 563 (9th Cir. 1988).  In civil rights cases involving a plaintiff appearing

pro se, this court construes the pleadings liberally and affords the plaintiff the benefit of any

doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by

WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Before dismissing a pro se civil rights

complaint for failure to state a claim, the court must supply the plaintiff with a statement of the

complaint's deficiencies.  Id.  The court should allow a pro se plaintiff to amend the complaint

unless it would be impossible to cure the deficiencies of the complaint by amendment.  Id.

## DISCUSSION

Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective

jurisdictions . . . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361

to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to

"compel an officer or employee of the United States or any agency thereof to perform a

duty . . . ."  28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few

exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus

commanding action by a state or its agencies.  See e.g. Demos v. U.S. D. Ct. for E.D. of Wash.,

925 F.2d 1160 (9th Cir.1991).

This court lacks the authority to grant the relief Rambo seeks.  The case is dismissed

without prejudice.  Because the defect is not curable, I do not give Rambo the opportunity to

amend her complaint.

///

///

///

///

**CONCLUSION**

For the foregoing reasons, Rambo's Application to Proceed In Forma Pauperis [1] is granted but her case is dismissed without prejudice.

IT IS SO ORDERED.

DATED this ___7th___ day of August, 2012.

 /s/ Garr M. King_____
Garr M. King
United States District Judge